| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>Law Offices of Andy Winchell<br>332 Springfield Avenue, Suite 203<br>Summit, New Jersey 07901<br>Telephone No. (973) 457-4710<br>andy@winchlaw.com<br>By: Andy Winchell [AW-6590]<br>Attorney for Plaintiff Ronald William Romano | |
| Ronald William Romano,<br><br>　　　　　Plaintiff<br><br>v.<br><br>Net Collections LLC<br><br>　　　　　Defendant | COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT OF THE DEBTOR SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### Introduction

### PRELIMINARY STATEMENT

1. This is an action brought by the Plaintiff Ronald William Romano (hereinafter the "Plaintiff") seeking redress for the unlawful and deceptive practices committed by the Defendant in connection with their efforts to collect a debt that had been discharged in Plaintiff's chapter 7 bankruptcy case. The Defendant's conduct includes attempting to collect a debt that had been discharged in bankruptcy. The Plaintiff seeks monetary, declaratory and injunctive relief based on violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

**Preliminary Statement Regarding the Fair Debt Collection Practices Act**

2.	The Fair Debt Collection Practices Act (the "FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. See 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by consumers, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices. See id.

3.	In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, and broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

4.	In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. See 15 U.S.C. § 1692b.

5.	Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purpose of the FDCPA are to "eliminate abusive debt collection practices

by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

6. The FDCPA is a strict liability statute and provides for both actual and statutory damages upon the showing of a single violation. See Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62-3, (2d Cir. 1993); see also Taylor v. Perrin, Landry, de Launay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated the FDCPA); Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993).

7. The FDCPA is a remedial statute and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F.3d 1107 (10th Cir. 2002).

8. The FDCPA applies to attorneys regularly engaged in consumer debt-collection litigation. See Heintz v. Jenkins, 514 U.S. 291 (1995). The FDCPA creates no exception for attorneys regularly engaged in consumer debt-collection litigation on behalf of a creditor client. See id. "Attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and their litigation activities must comply with the requirements of that Act." Piper v. Portnoff Law Associates, 396 F.3d 227, 232 (3d Cir. 2005) (Emphasis added).

9. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading representations or means in connection with the collection of any debt and sets forth a non-exhaustive list of certain per se violations of false and deceptive collection conduct. See 15 U.S.C. § 1692e(1)–(16).

## JURISDICTION

10. Jurisdiction over this matter is provided pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

11. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) of the United States Code because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district and because Defendant regularly transacts business within this federal district by attempting to collect debts from consumers who reside in this district.

12. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

## PARTIES

13. The Plaintiff is an unmarried man who lives in Bayonne, New Jersey.

14. On information and belief Defendant Net Collections LLC (the "Defendant") is a corporation organized under the laws of the State of Georgia.

15. For the purposes of the Fair Debt Collection Practices Act, the Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) based upon the facts asserted below.

## FACTUAL ALLEGATIONS

16. The Plaintiff at one time belonged to a health club commonly known as Club H. The Plaintiff later canceled his membership in Club H but left an unpaid account balance (the "Debt").

17. Because of a series of financial hardships, the Plaintiff filed a bankruptcy case under chapter 7 of the United States Bankruptcy Code on March 21, 2011.

18. The automatic stay imposed by section 362(a) of the bankruptcy prohibited any attempts to collect the Debt.

19. The Defendant is registered with the State of New Jersey as a debt collection agency and has filed the bond required by N.J.S.A. 45:18.

20. The Plaintiff is informed and believes and thereupon alleges that the Defendant has access to and uses one or more bankruptcy information services such as Banko or AACER and therefore can determine whether one of the Defendant's collection targets has filed a bankruptcy case.

21. The Plaintiff received his discharge on July 1, 2011 and thus the Debt was discharged.

22. Almost immediately the Plaintiff received his bankruptcy discharge, Defendant began attempting to collect the Debt.

23. The Plaintiff has received collection notices in the mail and also has received telephone messages from the Defendant seeking to collect the Debt.

### FIRST CLAIM FOR RELIEF
### (Violation of the Fair Debt Collection Practices Act)

24. The allegations in paragraphs 1 through 23 of this complaint are realleged and incorporated herein by this reference.

25. The foregoing acts and omissions by the Defendant constitute violations of the FDCPA.

26. The Defendant violated 15 U.S.C. § 1692d by harassing, oppressing or abusing the Plaintiff in connection with the collection of an alleged debt.

27. As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 per violation pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

### SECOND CLAIM FOR RELIEF
### (Violation of the Fair Debt Collection Practices Act)

28. The allegations in paragraphs 1 through 27 of this complaint are realleged and incorporated herein by this reference.

29. The foregoing acts and omissions by the Defendant constitute violations of the FDCPA.

30.     Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount or legal status of an alleged debt;

31.     As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 per violation pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

### THIRD CLAIM FOR RELIEF
### (Violation of the Fair Debt Collection Practices Act)

32.     The allegations in paragraphs 1 through 31 of this complaint are realleged and incorporated herein by this reference.

33.     The foregoing acts and omissions by the Defendant constitute violations of the FDCPA.

34.     The Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect a debt not permitted by law;

35.     As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 per violation pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

**WHEREFORE,** the Plaintiff having set forth claims for relief against the Defendant respectfully prays of the Court as follows:

a.      That the Plaintiff be awarded and recover actual, statutory and punitive damages in an amount to be determined by this Court;

b.      That the Plaintiff have and recover reasonable legal fees in an amount to be determined by this Court;

c.      That the Plaintiff recover all reasonable costs and expenses in this case in an amount to be determined by this Court;

    d. That this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of orders entered in this case;

    e. That the Plaintiff have such other and further relief as to the Court may seem just and proper.

Dated this the 17th day of August, 2011.


/s/ Andy Winchell
Law Offices of Andy Winchell
332 Springfield Avenue, Suite 203
Summit, New Jersey 07901
973-457-4710
andy@winchlaw.com
Attorney for the Plaintiff